IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2102-BO

**Justice Devon Price**,

              Petitioner,

v.

**United States of America, Barack Obama,**

              Respondents.

**Memorandum and Recommendation**

On May 18, 2015, Petitioner Justice Devon Price, a federal pretrial detainee confined at the Wake County Jail, filed a *pro se* habeas petition.[1] D.E. 1. On June 1, 2015, Price filed a memorandum in support of his petition. D.E. 4. On June 15, 2015, Price filed another memorandum in support of his petition D.E. 5. The matter is before the court for a preliminary review under 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief. For the reasons explained below, the undersigned recommends that the petition be dismissed without prejudice.

On December 29, 2014, the grand jury charged Price in a superseding indictment with conspiring to distribute and possess with the intent to distribute 100 grams or more of heroin and one kilogram or more of phencycline (PCP) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 1); two counts of distributing heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 8, 22); and possessing with intent to distribute fifty grams or more of

---

[1] Price incorrectly names the United States of America and President Barack Obama as respondents. Pet. 1. The proper respondent to a habeas petition is the petitioner's custodian. *See Rumsfeld v. Padilla* 542 U.S. 426, 434-35 (2004). Because this matter is dismissed, it is not necessary to dismiss the improperly named respondents.

methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 9). *United States v. Valladares, et al.,* No. 7:14-CR-78-BO-2 (E.D.N.C. Dec. 29, 2014). On April 22, 2015, the court granted Price's motion to suppress evidence in support of Count 9 of the indictment. *Id.*, No. 7:14-CR-78-BO-2 (E.D.N.C. Apr. 22, 2015). Status conference and arraignment are set for August 14, 2015. *See id.,* No. 7:14-CR-78-2-BO-2 (E.D.N.C. Jul. 24, 2015).

Price challenges the constitutional sufficiency of federal criminal proceedings against him. Pet. ¶ 13. Price alleges that the Federal District Court lacks subject matter jurisdiction in his case because the pertinent sections of the United States District Code cited in his indictment do not contain "enacting clauses." Pet. ¶ 13 (Grounds One, Two and Four). He further alleges that his criminal action lacks a "corpus delicti" because the federal government is a corporation and thereby "is not a flesh and blood victim." ¶ 13 (Grounds Three and Four).

Price's arguments are frivolous and without merit, and are akin to those advanced by proponents of the sovereign citizen movement who "believe they are not subject to federal or state statutes or proceedings, reject most forms of taxation as illegitimate, and place special significance in commercial law." *United States v. Brown,* 669 F.3d, 10, 18 n.12 (1st Cir. 2012). Such arguments have been consistently rejected as erroneous as a matter of law. *See, e.g., United States v. James,* 328 F.3d 953, 954 (7th Cir. 2003) (stating, the "[l]aws of the United States apply to all persons within its borders."); *Barrera v. Daniels,* No. 3:13-cv-428-FDW, 2013 WL 4026901, at *1 (W.D.N.C. Aug. 7, 2013) (citing *James*); *United States v. Davis,* 586 F. App'x 534, 537 (11th Cir. 2014) (stating sovereign citizens attempts "to delay judicial proceedings" have been summarily rejected as frivolous).

The district court has subject matter jurisdiction over federal criminal cases committed within its geographic jurisdiction. *See* 18 U.S.C. § 3231 ("The district courts of the United

States shall have original jurisdiction, exclusive of the courts of the States, or all offenses against the laws of the United States.") As to Price's claim that the sections of the United States Code for which he is being prosecuted do not contain enacting clauses, "[r]eferences to the United States Code (U.S.C.) or the United States Code Annotated (U.S.C.A.) are the standard accepted nomenclature for reference to the laws of the United States." *United States v. Bondurant,* No. CIV. 5:97CV162-V, 1998 WL 1015662, at *2 (W.D.N.C. Sept. 14, 1998)." "The fact that federal statutes are enacted in one form and are collected and published for convenient reference in another in no way diminishes their force or effect." *Id.*; *see also United States v. Ramanauskas,* No. CRIM.04-04 PAM/RLE., 2005 WL 189708, at *2 (D. Minn. Jan. 21, 2005) ("[t]here is no requirement that the United States Code republish enacting clauses.").

In short, Price's argument that the United States District Court lacks subject matter jurisdiction is frivolous. Therefore, the undersigned recommends the petition be dismissed.

The Clerk is ordered to send a copy of this Memorandum and Recommendation to Price. He shall have until 14 days after service of the Memorandum and Recommendation to file written objections. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If Price does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation**

**without such review. In addition, his failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: August 10, 2015.

*Robert T. Numbers II*
_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE