UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2102-BO

**Justice Devon Price,**

        Petitioner,

v.

**United States of America, Barack Obama,**

        Respondents.

**Order**

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert T. Numbers, II, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein Judge Numbers recommends that the court dismiss Price's petition for writ of habeas corpus under 28 U.S.C. § 2241 on frivolity review pursuant to 28 U.S.C. § 2243. D.E. 6. Price filed objections to the M&R.[1] D.E. 9. For the following reasons, the court adopts the M&R and dismisses the petition.

"The Federal Magistrates Act requires a district court to make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); *see* 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315 (quotation omitted). The court does

---

[1] The court notes that the M&R was mailed to Price on August 10, 2015, *see* D.E.6, however was returned to the clerk as undeliverable mail on August 26, 2015. D.E. 8. Price filed his Objections to the M&R on September 4, 2015. D.E. 9. Under these circumstances, the court deems the Objections timely filed.

not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In filing objections, a party "must specifically identify those findings objected to." *Battle v. United States Parole Commission,* 834 F.2d 419, 421 (5th Cir. 1987), *overruled on other grounds Douglass v. United Ervs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996). If a party makes only general objections, *de novo* review is not required. *Wells v. Shriners Hospital,* 109 F.3d 198, 200 (4th Cir. 1997) (boilerplate objections will not avoid the consequences of failing to object altogether). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made.*" *United States v. Midgette,* 478 F.3d 616, 621 (4th Cir. 2007), *certiorari denied* 551 U.S. 1157 (2007) (emphasis in original).

Similarly, merely reiterating the same arguments made in the pleading submitted to the magistrate judge does not warrant *de novo* review. *Id*; *Veney v. Astrue,* 539 F. Supp. 2d 841, 846 (W.D.Va. 2008). "Allowing a litigant to obtain *de novo* review of [the] entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless.'" *Id.* In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so

2

as reasonably to alert the district court of the true ground for the objection." *Midgette,* 478 F.3d at 622.

The court first notes that Price has not objected to the magistrate judge's recitation of the procedural background of his case or to the magistrate judge's legal analysis of the issues raised. Price filed a pro se habeas petition pursuant to 28 U.S.C. § 2241 alleging that the Federal District Court lacks subject matter jurisdiction in his case because the pertinent sections of the United States Code cited in his indictment do not contain "enacting clauses." Pet. ¶ 13. He further alleged that his criminal action lacks a "corpus delicti" because the federal government is a corporation and thereby "is not a flesh and blood victim." *Id.* In his objections to the M&R, Price offers the court nothing new and instead repeats the same two arguments asserted in his habeas petition. Objs. ¶¶ 1–1.

The district court has subject matter jurisdiction over federal criminal cases committed within its geographic jurisdiction. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, or all offenses against the laws of the United States.") As to Price's claim that the sections of the United States Code for which he is being prosecuted do not contain enacting clauses, "[r]eferences to the United States Code (U.S.C.) or the United States Code Annotated (U.S.C.A.) are the standard accepted nomenclature for reference to the laws of the United States." *United States v. Bondurant,* No. CIV. 5:97CV162-V, 1998 WL 1015662, at *2 (W.D.N.C. Sept. 14, 1998). "The fact that federal statutes are enacted in one form and are collected and published for convenient reference in another in no way diminishes their force or effect." *Id.*; *see also United States v. Ramanauskas,* No. CRIM.04-04 PAM/RLE, 2005 WL 189708, at *2 (D. Minn. Jan. 21, 2005) ("[t]here is no requirement that the United States Code republish enacting clauses."). Upon careful review of the record and the M&R,

3

the court rejects Price's objections to the Memorandum and Recommendation and adopts the Recommendation.[2]

SO ORDERED, this 25 day of September, 2015.

TERRENCE W. BOYLE
United States District Judge

---

[2] Price argues that as a *pro se* petitioner, his petition should not be dismissed on the ground that he incorrectly named the United States of America and President Barack Obama as respondents. Obj. 1. The court notes that Price's petition was not dismissed on that ground, but rather, Judge Numbers noted in the M&R that because the matter was dismissed, it was not necessary to dismiss the improperly named respondents. M&R 1. n.1.

4